DAVID COOK, PLAINTIFF IN ERROR, v. CHARLES POWELL, DEFENDANT IN ERROR.

**Practice:** SETTING ASIDE VERDICT. A verdict will not be set aside on the ground that it is contrary to the evidence, unless it is clearly so. A court will always hesitate to set aside a verdict where doubts of the propriety of doing so arise out of a conflict in oral evidence.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J

*A. N. Ferguson,* for plaintiff in error.

*C. F. Manderson,* for defendant in error.

MAXWELL, J.

The errors assigned are:

*First.* That the verdict is not sustained by sufficient evidence.

*Second.* That the verdict is against the law of the land.

*Third.* That there is, and was, no evidence to sustain the verdict.

*Fourth.* That the verdict was for the defendant when it should have been for the plaintiff.

No exceptions were taken on the trial of the cause. The only question therefore presented to this court is the sufficiency of the evidence to sustain the verdict. The rule is well settled that the verdict of a jury will not be set aside on the ground that it is contrary to the evidence, unless it is clearly so. A court will always hesitate to set aside a verdict where doubts of the propriety of doing so arise out of a conflict in oral evidence. *The A. & N. R. R. Co. v. Washburn,* 5 Neb.,

126. *Seymour v. Street*, Id., 85. *Blackburn v. Ostrander*, Id., 219. *Storms v. Eaton*, Id., 464.

As there is a conflict in the testimony in this case, and the questions of fact appear to have been fairly submitted to the jury, the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.